# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| **ASHRAFUL M. ISLAM** | : | Bankruptcy No. 21-10190-amc |
| | : | |
| Debtor | : | |

## STIPULATED ORDER

This Stipulated Order is made this _____ day of _____, 2022, by and between Ashraful M. Islam ("Debtor") and Excel Financial Corp. ("Excel"), by their respective counsel, as follows:

## BACKGROUND

WHEREAS, on or about September 19, 2017, Excel entered into a loan transaction with the Debtor and Dilruba Islam pursuant to which Excel made a loan to the Debtor and Dilruba Islam in the principal amount of $160,000.00 (the "Loan") in accordance with the terms and conditions of that certain Loan Agreement between the Debtor, Dilruba Islam and Excel dated September 19, 2017 (the "Loan Agreement"); and

WHEREAS, the Loan is evidenced by that certain mortgage note dated September 19, 2017 in the original principal amount of $160,000.00 from the Debtor and Dilruba Islam (the "Note"), evidencing the Debtor and Dilruba Islam's obligation to repay the Loan; and

WHEREAS, in order to secure the Debtor and Dilruba Islam's obligation to repay the Loan, on or about September 19, 2017, the Debtor and Dilruba Islam executed and delivered to Excel an Open-End Mortgage on the property located at 407-409 W. Main Street, Lansdale, PA 19446 (the "Main St. Premises"), which mortgage was duly recorded with the Recorder of Deeds

of Montgomery County on September 21, 2017 at Book 14411, Page 00494 et seq. (the "Mortgage"); and

WHEREAS, as further security for the Debtor and Dilruba Islam's obligations under the Note, on or about September 19, 2017, the Debtor and Dilruba Islam executed and delivered to Excel an assignment of rents and leases for the Mortgaged Property dated September 19, 2017, which assignment of rents and leases was duly recorded with the duly recorded with the Recorder of Deeds of Montgomery County on September 21, 2017 at Book 6062, Page 00699 et seq. (the "Assignment of Rents and Leases"); and

WHEREAS, Excel is also the holder of a judgment against the Debtor and Dilruba Islam entered in the Court of Common Pleas of Montgomery County at No. 2020-02775, which judgment operates as a lien against all real property owned by the Debtor and Dilruba Islam in Montgomery County at the time of entry of the judgment, as more fully described below; and

WHEREAS, the Loan Agreement, Note, Mortgage, Assignment of Rents and Leases, and all other documents executed and delivered to Excel in connection with the Loan are sometimes collectively referred to hereinafter as the "Loan Documents"; and

WHEREAS, prior to the Petition Date, the Debtor and Dilruba Islam defaulted on their obligations to Excel under the Loan and Loan Documents, as a consequence of, *inter alia*, their failure to make the contractual monthly payments under the Loan (the "Specified Existing Event of Default"); and

WHEREAS, had the Loan not been accelerated and payment due and payable in full prior to the Maturity Date, the Loan would otherwise have matured and been due and payable in full on the Maturity Date of September 19, 2020; and

WHEREAS, on or about February 7, 2020, judgment was entered in the Court of Common Pleas of Montgomery County at no. 2020-02775 in favor of Excel and against the

Debtor and Dilruba Islam, jointly and severally, in the amount of $188,518.21, plus interest from January 31, 2020 at the per diem rate of $61.63; and

WHEREAS, the Judgment operates as a lien on all real property owned by the Defendants in the county in which the Judgment was entered—including the real property and improvements thereon located at 404 Doylestown Pike, Montgomeryville, PA (the "Doylestown Pike Premises"); and

WHEREAS, on or about August 3, 2020, execution was issued on the Judgment against both the Main St. Premises and Doylestown Pike Premises, as Excel elected and as permitted by the Pennsylvania Rules of Civil Procedure; and

WHEREAS, as a consequence of the Debtor's failure to pay real estate taxes due on the Doylestown Pike Premises, the Doylestown Pike Premises was sold at tax sale on September 25, 2020; and

WHEREAS, the Main St. Premises and Doylestown Pike Premises were scheduled for sheriff's sale on January 27, 2021.

WHEREAS, the Debtor filed his Chapter 13 Petition the day before the scheduled sheriff's sale.

WHEREAS, as of the Petition Date, the following amounts are due and payable under the Loan:

<u>Itemization of Indebtedness</u>

| | |
|---|---:|
| Principal Balance | $134,547.14 |
| Interest Due through 1/26/21 | $51,214.68 |
| Late Fees Due | $3,088.17 |
| Maturity Fee | $6,700.51 |
| Satisfaction Fees | $315.00 |
| Attorneys' Fees and Costs | $36,782.23 |
| | $232,647.73 |
| | |
| Per Diem Default Rate 16.25% | $60.73 |

WHEREAS, the Debtor has not made any post-Petition payments to Excel; and

WHEREAS, as a consequence thereof, on or about May 18, 2021, Excel filed a Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362(d) and (e) and Federal Rule of Bankruptcy Procedure 4001(a) (the "Motion for Relief from Stay"); and

WHEREAS, on or about June 1, 2021, the Debtor filed a response to the Motion for Relief from Stay; and

WHEREAS, Dilruba Islam was subsequently served with the Motion for Relief from Stay, but did not file a response thereto;

WHEREAS, the parties to this Stipulated Order recognize the costs, inconvenience and uncertainty associated with pursuing and defending against the Motion for Relief from Stay and instead desire to settle their disputes on the terms and conditions set forth in the Stipulated Order.

AND NOW therefore, with the foregoing background deemed incorporated herein by this reference as if fully set forth at length, the parties hereto intending to be legally bound by this Stipulated Order, and in consideration of the mutual covenants and terms contained herein agree as follows:

1. The Debtor consents to the annulment of the automatic stay imposed by 11 U.S.C. §362(a) with respect to Excel to allow Excel to exercise its rights and remedies under the Loan Documents, including without limitation the enforcement of Excel's rights in the Main St. Premises and the Doylestown Pike Premises.

2. Excel agrees that it will forbear from taking any action with respect to the Main St. Premises and Doylestown Pike Premises or against Debtor or his assets until the earliest of: (a) an Event of Default under this Order; or (b) an event of default under the Loan Documents, other than the Specified Existing Defaults (the "Forbearance Termination Date"). Upon the

Forbearance Termination Date, Excel may exercise all of its rights and remedies under the Loan Documents.

3. As an express condition of the forbearance hereunder:

(a) On or before February 15, 2022, the Debtor shall file, obtain confirmation of and begin commencing payments to Excel under a Chapter 13 Plan which provides for payment in full of the Loan (with additional accruing interest and fees and costs from the Petition Date as provided in the Loan Documents) or such amount for Excel's claim as the Court determines. Notwithstanding the February 15, 2022 deadline, the Debtor shall immediately make all payments to the Trustee that would have been due had the Plan been confirmed by January 15, 2022 (so that the term for Plan is the same term as if the Plan were filed by January 15, 2022).

(b) The Debtor shall make all payments in the time and manner required by the confirmed Chapter 13 Plan.

(c) The Debtor shall maintain current casualty insurance on the Main St. Premises and the Doylestown Pike Premises in an amount and along such terms as are satisfactory to Excel, and upon Excel's request shall immediately provide Excel with evidence thereof.

(d) The Debtor shall make all real estate tax payments for the Main St. Premises as and when due.

(e) The Debtor agrees not to object to Excel's Proof of Claim (which states the indebtedness as set forth above), including without limitation Excel's pre-Petition legal fees.

(f) The Debtor agrees not to contest Excel's post-Petition legal fees in the amount $20,998.15 as of January 13, 2022.

(g) The Debtor also agrees not to contest additional post-Petition accrued and unpaid interest, late charges, and other expenses as follows: accrued interest from 1/26/21 through 1/31/22 in the amount of $22,649.33, which continues to accrue at the rate of $61.69 (based on

an updated principal balance of $136,667.15); late charges incurred from 1/26/21 through 1/31/22 in the amount of $1,115.78; and force-placed insurance premium in the amount of $2,130.01. (The updated principal balance reflects the Excel's payment of the force-placed insurance pr diem.)

Failure to comply with the foregoing conditions or with any of the other terms and conditions of this Order shall be an Event of Default under this Order.

4. Upon the occurrence of an Event of Default under this Order or an event of default under the Loan Documents other than the Specified Existing Defaults, Excel shall be entitled to exercise all rights and remedies under the Loan Documents upon five (5) days' email notice of default to Debtor's counsel at the email address set forth below and Excel's filing of a Certification of Default.

5. In consideration of the forbearance hereunder, the Debtor, for himself, his successors, beneficiaries, next of kin, assigns, executors, administrators, attorneys and agents, or any and all other persons who could claim through them, hereby unconditionally and irrevocably releases and forever discharges Excel, its insurers, investors, attorneys, employees, servants, subsidiaries, divisions, parent corporations, affiliates, successors, stockholders, officers, partners, members, agents, servicers and representatives, or any agent acting or purporting to act for it or on its behalf, from any and all claims, counterclaims, demands, damages, debts, liabilities, obligations, contracts, agreements, actions, causes of action, suits and costs, of whatever nature, character or description, whether known or unknown, suspected or unsuspected, anticipated or unanticipated, which the Debtor may have or claim to have against Excel and any other released parties arising out of or in connection with the Loan.

6. The relief from the automatic stay of 11 U.S.C. §362(a) granted hereunder shall extend to any subsequent bankruptcy filed by the Debtor within one hundred eighty (180) days following any dismissal of the above-captioned case.

7. This Order shall survive the conversion, dismissal or termination of this bankruptcy case, and shall be binding upon the Debtor and any Trustee presently acting or subsequently appointed to this or any subsequent bankruptcy case filed by the Debtor.

8. Nothing contained herein or any delay on the part of Excel in the exercise of any right or remedy hereunder shall operate or be construed as a waiver of any of Excel's rights hereunder including, but not limited to, Excel's right to object to any plan of reorganization filed by the Debtor.

9. This Stipulated Order may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute but one and the same document.

IN WITNESS WHEREOF, the parties hereto have authorized their counsel to execute this Stipulated Order this ____ day of _____, 2022.

_____
Leona Mogavero, Esquire
Friedman Schuman, P.C.
101 Greenwood Avenue, Fifth Floor
Jenkintown, PA 19046
Attorney Excel Financial Corp.


_____
Charles W. Campbell, Esquire
1 East Airy Street
Norristown, PA 19401
Attorney for Ashraful M. Islam


APPROVED and so ORDERED this _____ day of _____, 2022.


BY THE COURT:


_____
Honorable Ashely M. Chan, U.S. Bankruptcy Judge


Copies to:

Charles W. Campbell, Esquire
1 East Airy Street
Norristown, PA 19401

Leona Mogavero, Esquire
Friedman Schuman, P.C.
101 Greenwood Avenue, Suite 500
Jenkintown, PA 19046

Kenneth E. West, Chapter 13 Standing Trustee
P.O. Box 40837
Philadelphia, PA 19107

United States Trustee
Office of United States Trustee
200 Chestnut Street, Suite 502
Philadelphia, PA 19106

Dilruba Islam
1611 Clearview Road
Lansdale, PA 19446-5407